UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| MARINE CLINE, ON BEHALF OF G.E.C., | CASE NO. 1:23-cv-01087 |
| Plaintiff, | ORDER [Resolving Doc. 1, 13, 14] |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Marine Cline seeks review of the Social Security Commissioner's decision to deny her application for disability benefits for her minor child G.E.C.[1] Cline argues that the ALJ originally scheduled evidence from a medical expert but then proceeded without the expert's testimony when the expert was not available at the hearing.[2]

On December 12, 2023, the Magistrate Judge issued his report and recommendation (R&R) in this case.[3] The Magistrate Judge rejected Cline's argument and found that Cline had not shown that the medical expert's testimony was necessary, and found that the ALJ was not wrong in failing to consult the expert.[4] The Magistrate Judge also found that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards.[5] As such, the Magistrate Judge recommended that the Court affirm the Commissioner's decision.[6]

---

[1] Doc. 1.
[2] Doc. 9, PageID #: 594.
[3] Doc. 13, PageID #: 616.
[4] *Id.*, PageID #: 627.
[5] *Id.*, PageID #: 635.
[6] *Id.*

Case No. 1:23-cv-01087
GWIN, J.

Cline objected that the Magistrate Judge was wrong to affirm the Commissioner's decision and maintained her asserted error.[7] The Commissioner opposed Cline's objection.[8]

For the following reasons, the Court finds that the ALJ did not err in declining to require the medical expert testify. The Court further finds that substantial evidence supports the Commissioner's decision. So, the Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision denying benefits.

## I. BACKGROUND

On February 27, 2021, Plaintiff Cline applied for Disability Insurance Benefits on G.E.C.'s behalf.[9] G.E.C. is Cline's child; at the application date, G.E.C. was a minor.[10] Cline claimed G.E.C. was disabled since August 15, 2008, due to G.E.C.'s bipolar disorder, oppositional defiance disorder, and attention deficient hyperactive disorder.[11] Cline's application was denied, initially and then upon her request for reconsideration.[12]

Cline then requested an ALJ hearing, that took place on March 29, 2022.[13] At the hearing's beginning, the ALJ noted that "[w]e did have a medical expert scheduled, but he could not attend the hearing today."[14] The ALJ then conducted the hearing without further discussion or mention of the medical expert.

On July 13, 2022, the ALJ issued a decision denying Cline's application for G.E.C.'s benefits and finding that G.E.C. was not disabled.[15] Specifically, the ALJ found that G.E.C. did not have an impairment functionally equivalent to the severity of the listings in 20 C.F.R.

---

[7] Doc. 14.
[8] Doc. 15.
[9] Doc. 7, PageID #: 205.
[10] *Id.*, PageID #: 54.
[11] *Id.*, PageID #: 205, 280.
[12] *Id.*, PageID #: 111, 124.
[13] *Id.*, PageID #: 83-97, 127.
[14] *Id.*, PageID #: 86.
[15] *Id.*, PageID #: 67-82.

Case No. 1:23-cv-01087
GWIN, J.

§ 404, Subpart P, App. 1. The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became final on April 17, 2023.[16]

On May 31, 2023, Plaintiff Cline filed this case to challenge the Commissioner's disability denial.[17] Cline's error allegation focuses on the ALJ's decision not to have the medical expert testify at the hearing, after the medical expert was called to do so.[18] Cline asserts that because this medical expert did not testify, the ALJ improperly evaluated the evidence collected between the consultant report[19] and the hearing.[20] Cline also argues that the ALJ failed his duty to develop the record.[21]

In his R&R, the Magistrate Judge found that the ALJ enjoyed discretion to excuse the medical expert and that the ALJ's decision should be affirmed.[22] The Magistrate Judge found that Cline hadn't shown that the ALJ was required to consult a medical expert, and so Cline hadn't shown that the ALJ had failed his duty to develop the record by not doing so.[23]

Plaintiff Cline objected to the Magistrate Judge's findings.[24] The government responded, asking the Court to adopt the R&R and affirm the Commissioner's decision.[25]

## II. LEGAL STANDARD

When a party objects to a magistrate judge's recommendations, courts review the objected-to portions of those recommendations de novo.[26]

---

[16] *Id.*, PageID #: 36-39.
[17] Doc. 1.
[18] Doc. 9, PageID #: 594.
[19] As part of his application for benefits, G.E.C. was evaluated by the consultative examiner Dr. Alice Wang, on May 27, 2021. Doc. 7, PageID #: 75. A consultative examination is a physical or mental examination purchased by the Social Security Commissioner on behalf of a claimant when the Commissioner cannot get needed information from the claimant's provided medical sources alone. *See* 20 C.F.R. §§ 404.1519, 404.1519(a).
[20] *Id.*, PageID #: 599.
[21] *Id.*, PageID #: 598.
[22] Doc. 13, PageID #: 630.
[23] *Id.*, PageID #: 633.
[24] Doc. 14.
[25] Doc. 15.
[26] 28 U.S.C. § 636(b)(1).

- 3 -

Case No. 1:23-cv-01087
GWIN, J.

A decision to deny Social Security benefits is reviewed to decide if the denial was "supported by substantial evidence and [] made pursuant to proper legal standards."[27] Whether the ALJ applied proper legal standards is a question that courts consider de novo.[28] But substantial evidence review is more deferential.[29] Substantial evidence exists if there is "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion."[30]

A court may also review some of an ALJ's procedural decisions. A decision not to supplement the record with additional evidence is reviewed for abuse of discretion.[31]

### III. DISCUSSION

Cline objects to the Magistrate Judge's finding that the ALJ did not require the earlier-scheduled medical expert hearing testimony at the hearing.[32] Cline says this error caused several downstream errors, including the ALJ's failure to develop the record.[33]

The Court agrees with the Magistrate Judge's finding that the ALJ did not err in excusing the medical expert and the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence.

As an initial matter, Plaintiff Cline misconstrues the law on whether an ALJ is required to have medical expert evidence. Contrary to Cline's assertion, an ALJ's discretionary decision to present a medical expert at a hearing is just that—discretionary. Cline does not show that the medical expert's testimony was necessary to fairly decide G.E.C.'s application.

---

[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted).
[28] *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018).
[29] *Id.* at 745.
[30] *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
[31] *Pasiak v. Comm'r of Soc. Sec.*, 800 F. App'x 301, 304 (6th Cir. 2019) (citing *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001)).
[32] Doc. 14, PageID #: 638-39.
[33] *Id.*, PageID #: 641.

Case No. 1:23-cv-01087
GWIN, J.

An ALJ is permitted, but not required, to call a medical expert.[34] So, the ALJ's decision here to call and then excuse the medical expert from the hearing falls within the ALJ's discretionary authority regarding medical expert testimony.

In her opening brief, Cline cites to HALLEX, the Social Security Administration's Hearings, Appeals, and Litigation Law Manual, for the proposition that the ALJ required a medical expert in this case.[35] HALLEX is not binding on the Social Security Administration or this Court.[36] Even if it were, HALLEX provides only three instances when an ALJ is required to have medical expert testimony: (1) when the Appeals Council or a federal court requires it; (2) when there is an issue about medical test results that requires evaluating test data; or (3) the ALJ is considering a finding that the claimant's impairments is medically the same as a listing.[37]

Cline does not identify which of these three scenarios allegedly apply here. Cline reasons that because the ALJ published the medical examiner's curriculum vitae and noted that the examiner was scheduled to appear, the ALJ had necessarily found the examiner's appearance was necessary. Cline says that she should not shoulder any burden to identify why the ALJ had earlier scheduled the medical expert.[38]

However, the Court reviews the ALJ's procedural decisions—such as the decision not to require the medical expert's attendance—for an abuse of discretion.[39] It is Cline, and not the Commissioner, who has the burden to show that the ALJ erred. And Cline cannot point

---

[34] *Simpson v. Comm'r of Social Sec.*, 344 F. App'x 181, 189 (6th Cir. 2009) (*citing* 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii)); *see also Davis v. Chater*, 104 F.3d 361, 1996 WL 732298, at *3 (6th Cir. Dec. 19, 1996) (ALJ's failure to call medical expert does not prevent finding that substantial evidence supports ALJ's decision).
[35] Doc. 9, PageID #; 595-96.
[36] *Bowie v. Comm'r of Soc. Sec.*, 539, F.3d 395, 399 (6th Cir. 2008).
[37] *When to Obtain Medical Expert Opinion*, Soc. Sec. Admin., Office of Hearings and Appeals, *Hearings, Appeals and Litigation Law Manual* (HALLEX) I-2-5-34.
[38] Doc. 14, PageID #: 639.
[39] *See Pasiak*, 800 F. App'x at 304.

Case No. 1:23-cv-01087
GWIN, J.

to anything in the record that convinces the Court that the ALJ needed the medical expert's testimony, much less that the abused his discretion.

In finding that G.E.C. did not have two "marked" limitations or one "extreme" limitation, the ALJ discussed the hearing evidence, G.E.C.'s counseling and school records, and medical expert opinions.[40] The ALJ noted that while G.E.C. has "severe mental impairments," no single or combination of impairments satisfied the severity of the Listed Impairments at 20 C.F.R. § 404, Subpart P, App. 1.

The ALJ found that the record shows that G.E.C. was able to engage in hybrid and in-person school.[41] Although G.E.C. has angry outbursts causing him to be suspended from school, counselling records from after the consultant report show that later G.E.C. was doing well in summer school, even though he did not finish.[42] G.E.C.'s intellectual abilities were in the average range, and his problems at school were attributable to his attention and concentration problems.[43] His conditions did not disable him from all work.

So, the Court finds that substantial evidence supports the ALJ's decision and the ALJ did not abuse his discretion in not requiring additional medical examination evidence.

Cline also takes issue with the ALJ's lack of explanation why he did not require the medical expert to attend.[44] As discussed, the ALJ is not required to consult a medical expert outside of three specific scenarios, none of which are present here. The ALJ did not err in failing to explain that discretionary decision.[45]

---

[40] *Id.*, PageID #: 57-61.
[41] *Id.*, PageID #: 57.
[42] *Id.*, PageID #: 59.
[43] *Id.*, PageID #: 60.
[44] Doc. 14, PageID #: 639.
[45] *Cf. Snyder v. Comm'r of Soc. Sec.*, No. 5:13cv2360, 2014 WL 6687227, at *11 (N.D. Ohio, Nov. 26, 2014) ("Where the record contains sufficient evidence for the ALJ to decide a disability claim absent expert medical testimony, failure to call a medical expert will not support remand.") (quotations and citations omitted).

Case No. 1:23-cv-01087
GWIN, J.

Finally, Cline says that the ALJ failed in his duty to develop the record, because a medical expert was required to evaluate the evidence accumulated in the time lapse between G.E.C.'s consultant report and the ALJ hearing.

However, "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision."[46] Here, the ALJ "considered the medical examinations that occurred" between the May 27, 2021, consultant report and the March 29, 2022, hearing. The ALJ "took into account any relevant changes" in G.E.C.'s condition.[47] The ALJ evaluated G.E.C.'s later school and counseling records for the period between the consultant report and the hearing. Rather than interpreting medical records as a lay person, as Cline alleges,[48] the ALJ was doing what he is required to do: considering "all the relevant evidence in the record," medical and non-medical—a task well within his expertise.[49]

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff Cline's objections. The Court **ADOPTS** the R&R. Consequently, the Court **AFFIRMS** the Commissioner's decision.

IT IS SO ORDERED.

Dated: February 29, 2024     *s/ James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[46] *Lunsford v. Comm'r of Soc. Sec.*, No. 3:20cv2665, 2022 WL 2235529, at *2 (N.D. Ohio June 22, 2022) (quoting *Chandler v. Comm'r Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011)).
[47] *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009).
[48] Doc. 14, PageID #:
[49] *Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 449 (6th Cir. 2020) (citing 20 C.F.R. § 404.1545(a)(1)).